IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**DAVID ALCALA**                                                                                                              **PLAINTIFF**

v.                                              **CASE NO.: 6:09–cv-06067**

**SHERIFF DAVID TANNER** *et al.*                                                                    **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Alcala, an inmate of the Cummins Unit of the Arkansas Department of Correction in Grady, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation.

**I.    Background**

As this case is before the Court on Defendants' Motion for Summary Judgment, the Court should view the facts in a light most favorable to the Plaintiff. Upon inquiry from the Court as to whether Plaintiff would prefer the assistance of Court in responding to the Motion for Summary Judgment, or if he would respond on his own, Plaintiff chose to file his own response. ECF No. 25. Plaintiff was specifically cautioned in the Notice provided to him, ECF No. 23, that if he chose to respond on his own, he would be required to:

> make a list of facts to which I contend there is a dispute, or a genuine issue of fact, exists. In this notice, I have been advised that under the Federal Rules of Civil Procedure, all facts set forth in the motion for summary judgment filed by the Defendants are presumed to be true unless disputed by the facts I set forth.

*Id.* However, Plaintiff's Response to the Motion for Summary Judgement states no facts, only Plaintiff's assertion that he "doesn't concede/concur" with the Defendants' motion. ECF No. 24. Accordingly, the facts established by Defendant are uncontested as set forth herein. Local Rule 56.1.

Plaintiff has brought this action against the Defendants, alleging Defendants failed to protect him while he was an inmate in the Clark County Jail. ECF No. 1. Plaintiff is suing the Defendants in both their personal and official capacities. *Id.*

Specifically, Plaintiff alleges the Defendants failed to protect him from an assault, which occurred on an unspecified date. ECF No. 22. Defendants asked the Plaintiff in their interrogatories and Requests for Production of Documents what date the fight occurred, and the Plaintiff responded "see original complaint" even though the Complaint states no date. *Id.* According to the Plaintiff, he was awoken one night by another inmate and was asked to accompany that inmate to his cell. *Id.* After he entered the other inmate's cell, Plaintiff claims that two other inmates entered the cell and began attacking him. *Id.*

Plaintiff alleges that he escaped and ran back to his cell. *Id.* Plaintiff alleges that he then left the cell and the two inmates attacked him in the day room. ECF No. 22. The Plaintiff states that after he and his cellmate struggled with the other inmates for several minutes, they began pounding on the door for a guard to help them. *Id.* After several minutes, they were taken out of the pod and to the hospital. *Id.* The Plaintiff also states that he had a verbal dispute with one of his attackers before the fight occurred. *Id.* Plaintiff also alleges that he advised Defendant Loy of the dispute but Defendant Loy advised it was not his problem as long as the dispute was not physical. *Id.*

Additionally, the Plaintiff's injuries resulting from the altercation were "dermal abrasions" and "wrist contusions" to his right wrist, according to a Detainee Medical Treatment Report. ECF No. 22. Plaintiff never refers to the named Defendants in the body of his Complaint, although they are named in the caption of the Complaint. *Id.*

## II. Applicable Law

Summary judgment is proper if there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   Discussion

#### A.   Official Capacity Claims

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* at 24-27. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* at 25-27.

*Gorman*, 152 F.3d at 914.

A review of the complaint in this case shows that Plaintiff specifically plead he was suing the Defendants in both their personal and official capacities. ECF No. 1, ¶II. Plaintiff's official capacity claims are tantamount to suing Clark County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made

by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell*, 436 U.S. at 690-91.

Plaintiff in this case has made no allegation that there were unconstitutional policies or practices in Clark County, nor has he provided any evidence of the same. As such, to the extent Plaintiff is alleging official-capacity claims, Defendants' Motion for Summary Judgment, ECF No. 20, should be **GRANTED** on those claims.

### B. Individual Capacity Claims

Plaintiff has made one individual capacity claim, and that is an allegation that Defendants failed to protect him from harm from other inmates. The United States Court of Appeals for the Eighth Circuit has summarized the Eighth Amendment protections as follows:

> The Eighth Amendment prohibits the government from engaging in cruel and unusual punishment, which requires that prison officials take reasonable measures to protect inmates from violence from other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). While inmates have an Eighth Amendment "right to be protected from harm by fellow inmates . . ., prison officials violate this right only when they exhibit a 'deliberate or callous indifference' to an inmate's safety." *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002) (*quoting Davidson v. Cannon*, 474 U.S. 344, 347(1986) (internal citations omitted)). In a prisoner Eighth Amendment claim, the "prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires that the inmate prove that the prison officials had a 'sufficiently culpable state of mind.'" *Irving [v. Dormire]*, 519 F.3d [441] at 446 [(8th Cir. 2008)] (*quoting Farmer*, 511 U.S. at 834) (internal citation omitted). In a claim involving an assault by one inmate on another, the subjective component asks whether the prison official was deliberately indifferent to a serious risk of an attack on the inmate. *Id.* The subjective component requires that the official was both "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also draw the inference.'"

>   *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (*quoting Farmer*, 511 U.S.
>   at 837).  Negligence on the part of the prison official is insufficient to satisfy the
>   subjective component; the official must recklessly disregard a known, excessive risk
>   of serious harm to the inmate.  *Id.*

*Norman v. Schuetzle*, 585 F.3d 1097, 1103 (8th Cir.2009).

Plaintiff has only alleged that one Defendant, Rick Loy, who appears to be incorrectly named as "Rick Loyd," was ever aware there was any risk to Plaintiff from other inmates.  ECF No. 21-1.  This risk, to the extent it could be referred to as such, was a risk related to a verbal exchange between Plaintiff and one or more of the inmates who allegedly injured him.  Plaintiff has neither alleged there were any specific threats made by the other inmate(s), nor has he specified how any part of the verbal exchange could be sufficient to make Defendants aware that he was in substantial risk of serious harm.

Without evidence or allegation that any of the Defendants knew the inmate or inmates who caused Plaintiff harm posed an excessive risk to Plaintiff, Plaintiff's claim of failure to protect in violation of his Eighth Amendment rights cannot be sustained and must be dismissed.  Viewing the facts most favorably to Plaintiff, the facts presented fail to show any of the Defendants knew or should have known of any potential risk of harm to Plaintiff.  The subjective component of the deliberate indifference inquiry requires that the official "knew of and disregarded an excessive risk to" the inmate's safety.  *Pagels*, 335 F.3d at 740.  Here, Plaintiff has presented no evidence that any prison official knew of any risk to Plaintiff.  While "a fact finder may conclude that a prison official knew of a substantial risk from the fact that the risk was obvious,'" *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995) (*quoting Farmer*, 511 U.S. at 842), the subjective requirement makes it necessary for the prison official to actually know of that specific risk of harm.  *See Pagels*, 335 F.3d at 740.  In other words, a prison official cannot be held liable for a prisoner attack unless he was subjectively

aware of the risk and recklessly ignored it. *See Farmer*, 511 U.S. at 841-42 (rejecting argument asking Court to find reasonable prison official standard rather than the actual knowledge requirement).

Construing Plaintiff's pleadings as broadly as possible, and drawing all inferences in favor of the Plaintiff, the Court finds, as a matter of law, that there is no genuine issue of material fact on this point. At best, Plaintiff's claim could only amount to negligence, which is not sufficient to carry forward his constitutional claim. *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986). Accordingly, the Court recommends this claim be dismissed with prejudice.

### IV.     Conclusion

Accordingly, it is the Report and Recommendation of the undersigned that the Motion for Summary Judgment, ECF No. 20, be **GRANTED** in its entirety. I further recommend the Clerk of Court be directed to amend the name of the defendant currently named as "Rick Loyd" to "Rick Loy."

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **1st day of August, 2011.**

                                                 /s/ Barry A. Bryant  
                                               HON. BARRY A. BRYANT  
                                               U.S. MAGISTRATE JUDGE